IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANDREA HOOD, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   Case No. _____ |
| | )   **JURY DEMANDED** |
| STEVEN T. MNUCHIN, | ) |
| Secretary of the Treasury, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR VIOLATION OF THE REHABILITATION ACT AND RETALIATION AND INJUNCTIVE RELIEF**

**COMES NOW** Plaintiff, Andrea Hood, and sues Defendant described in the caption of this Complaint, by and through the undersigned attorney, and for causes of action state as follows:

**PARTIES**

1. The Plaintiff, Andrea Hood, was, at all times pertinent to the events described herein, an adult resident of Shelby County, Tennessee, and an individual protected from unlawful discrimination on the basis of her disability in accord with the Rehabilitation Act of 1973.

2. Defendant, Steven Mnuchin, is the Secretary of the Treasury of the United States of America and is sued in his capacity as head of a department in the executive branch of the Federal Government within the meaning of 29 U.S.C. §§ 791 and 794.

{}

## JURISDICTION AND VENUE

3    This action for injunctive relief and damages is brought pursuant to the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, *et seq.* ("Rehabilitation Act") and Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e(5)(f)(3). This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1334.

4    Venue is invoked pursuant to 42 U.S.C. § 2000e, which governs venue in cases under the Rehabilitation Act and 28 U.S.C. § 1391(b). The unlawful employment practices complained of herein all occurred in the Western District of Tennessee.

5    Plaintiff has exhausted all of her administrative remedies. To wit, on June 30, 2017 Plaintiff timely filed her formal complaint and on February 8, 2019 the Agency issued its Final Agency Decision (a copy of which is attached hereto as Exhibit A). This Complaint is filed on or before the 90th day after the Final Agency Decision.

## FACTUAL SUMMARY

6    Plaintiff was employed by Defendant as a Management and Program Assistant.

7    While in this position, Plaintiff suffered from lupus and chronic migraines.

8    Plaintiff's lupus is exacerbated by stress which in turn causes Plaintiff to experience flare-ups and nosebleeds.

9    As a result of Plaintiff's medical conditions, she had a reasonable accommodation request on file and approved Family and Medical Leave Act ("FMLA") intermittent leave.

10    In or about 2015, Cynthia Heuerman became Plaintiff's manager. At that time Plaintiff began having increased numbers of flare-ups and nosebleeds and had to use additional FMLA time.

11    On multiple occasions, Plaintiff's Manager and the Chief of the Payroll Center told Plaintiff that she should retire due to her health conditions.

12    On or about February 27, 2017 Plaintiff received a lowered evaluation from her immediate manager. The final evaluation was lowered in that it did not match the numbers from the Embedded Quality Review System in terms of performance.

{}

13. Plaintiff's workplace interaction score was lowered, but there was never any sort of complaint from any others concerning how Plaintiff received feedback. When Plaintiff asked here manager about the lowered evaluation, she was told that there were two employee complaints. However, those employees denied making any complaint.

14. Plaintiff's evaluation was lowered in terms of accuracy based on errors that were made during the time surrounding Complainant's father's passing.

15. In addition to the foregoing, Plaintiff was the subject of ongoing harassment which includes the following:

    a. On or about April 12, 2017, Plaintiff was denied the right to take FMLA leave for a cause that differed from her original FMLA application. Plaintiff was subsequently charged AWOL for this time;

    b. Plaintiff was harassed by her manager when she was followed around the office and accused of socializing when she was retrieving a fax or copies from the machine; and

    c. On or about May 16, 2017, Plaintiff received a memorandum proposing a 15 day suspension which she ultimately received.

16. On or about April 8, 2017, Plaintiff received an e-mail from the Chief of the Payroll Center indicating that she wanted to be able to capitalize on Plaintiff's AWOL and ensure that the charge "sticks."

17. On or about November 29, 2018, Plaintiff's employment was terminated.

18. The reasons articulated by Defendant for Plaintiff's termination are pretext in that they are either false or insufficient to sustain the termination decision.

## County I - REHABILITATION ACT CLAIM

19. Plaintiff hereby restates and incorporates by reference each of the allegations contained in paragraphs 1 through 18.

20. It is an unlawful employment practice for an employer to discharge or otherwise discriminate against an individual with respect to any of the terms or conditions of his or her employment based on that individual's disability.

{}

21  Plaintiff is a person with a disability, has a record of a disability and/or was perceived as disabled by the Defendant as contemplated by the Rehabilitation Act.

22  Although being a 'disabled' person as contemplated by the law, Plaintiff was able to perform the essential functions of her position with or without a reasonable accommodation.

23  During the course of her employment, Plaintiff provided loyal and diligent service to Defendant.

24  Throughout the course of her employment Plaintiff met Defendant's legitimate expectations in the performance of her job duties and responsibilities.

25  Plaintiff was subjected to the harassment stated hereinabove and terminated because of or substantially because of her disability.

26  The reasons articulated by Defendant are mere pretext for intentional discrimination.

27  As a result of this discrimination, Plaintiff has suffered and will continue to suffer substantial pay loss, as well as damages for loss of enjoyment of life, humiliation and embarrassment and other nonpecuniary losses.

## Count II - RETALIATION

28  Plaintiff hereby restates and incorporates by reference each of the allegations contained in paragraphs 1 through 27.

29  It is an unlawful employment practice for an employer to retaliate against Plaintiff due to her having filed and/or participated in EEO activity.

30  Plaintiff made an EEO complaint and filed a formal internal EEO complaint against the Agency in April 2017 and a previous complaint in 2016.

31  On or about November 29, 2018, Plaintiff's employment was terminated.

32  The reasons articulated by Defendant are mere pretext for retaliation against Plaintiff based on her prior EEO activity.

{}

33  As a result of this retaliation, Plaintiff has suffered and will continue to suffer substantial pay loss, as well as damages for loss of enjoyment of life, humiliation and embarrassment and other nonpecuniary losses.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays for the following relief:

1  That the Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

2  That this Court award Plaintiff the amount of her lost wages and benefits;

3  That this Court order Defendant to reinstate Plaintiff to her former position or a comparable position with full seniority and benefits or, in lieu of reinstatement, order front pay and benefits until her reinstatement;

4  The this Court award Plaintiff compensatory damages in the amount THREE HUNDRED THOUSAND DOLLARS ($300,000.00), or such other amount as the finder of fact deems reasonable for the emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and embarrassment, and other non-pecuniary losses she has suffered as a result of the Defendant's discrimination and/or retaliation;

5  That the Court permanently enjoin Defendant from discriminating and/or retaliating against employees based upon disability and/or having engaged in prior EEO activity;

6  That Plaintiff be granted a judgment against Defendant for her reasonable attorneys' fees, costs, disbursements, and interest thereon, both pre and post-judgment; and

7  For such other and further relief as may to this Court seem equitable, proper, and just.

**PLAINTIFF DEMANDS A JURY TO TRY ALL ISSUES WHEN JOINED**

Respectfully submitted

/s/ James R. Becker, Jr.
JAMES R. BECKER, JR., #16582
5100 Poplar Avenue, Suite 2606
Memphis, TN  38137
(901) 881-6205
jrb@beckerlawfirm.net

{}